UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JOSE MORA,

    Plaintiff,

WISCONSIN DEPARTMENT OF
HEALTH SERVICES,

    Involuntary Plaintiff,

  v.

ALEX WICKETTS
and AUSTIN HANCOCK,

    Defendants.

Case No. 2:22-cv-00890

---

## COMPLAINT

NOW COMES Plaintiff Jose Mora, by his attorneys, THE SULTON LAW FIRM LLC, by Attorney William F. Sulton, and files this lawsuit against Defendants Alex Wicketts and Austin Hancock, City of Kenosha police officers.

### I. INTRODUCTION

1. On August 5, 2019, City of Kenosha Police Officers Alex Wicketts and Austin Hancock falsely accused Jose Mora of being gang member. Ofc. Wicketts assaulted Mr. Mora, including with a taser. Ofc. Austin Hancock did nothing to stop the assault. Despite knowing that they did not have probable cause to arrest Mr. Mora for any criminal wrongdoing, the officers arrested and jailed Mr. Mora.

The officers then caused false charges for disorderly conduct, obstructing an officer, resisting an officer, and bail jumping to be issued. Video footage of event has mysteriously disappeared—despite two copies having been made. A jury rejected the officers' false accounts and acquitted Mr. Mora of all charges. This lawsuit seeks legal redress.

## II. THE PARTIES

### A. The Plaintiffs

2. Plaintiff Jose Mora ("Mr. Mora") is resident of the City and County of Kenosha, Wisconsin.

3. Involuntary Plaintiff Wisconsin Department of Health Services ("DHS") is a governmental agency, duly organized and existing under and by virtue of the laws of the State of Wisconsin, with offices located at 1 West Wilson Street, Room 651, Madison, WI 53707. On information and belief, DHS has paid medical and related expenses on Mr. Mora's behalf because of injuries caused by the Defendants. DHS may have a subrogation interest herein with respect to its payments pursuant to Wis. Stat. § 49.89 subject, however, to all limitations on the exercise of that right imposed by federal and state law. By reason of any such payments, DHS is hereby joined as an involuntary plaintiff.

### B. The Defendants

4. Defendant Alex Wicketts ("Ofc. Wicketts"), at all times relevant to Mr. Mora's claims, was a police officer working for the City of Kenosha. Ofc.

Wicketts, at all times relevant to Mr. Mora's claims, was acting under color of law and within the scope of his employment as a police officer.

5. Defendant Austin Hancock ("Ofc. Hancock"), at all times relevant to Mr. Mora's claims, was a police officer working for the City of Kenosha. Ofc. Hancock, at all times relevant to Mr. Mora's claims, was acting under color of law and within the scope of his employment as a police officer.

### III. JURISDICTION AND VENUE

6. The United States District Court for the Eastern District of Wisconsin has jurisdiction under 28 U.S.C. § 1331 because Mr. Mora alleges violations of the United States Constitution.

7. The United States District Court for the Eastern District of Wisconsin also has jurisdiction under 28 U.S.C. § 1343(a)(3) because Mr. Mora alleges that he was deprived of rights guaranteed by the United States Constitution under color of State law.

8. The United States District Court for the Eastern District of Wisconsin also has jurisdiction under 28 U.S.C. § 1343(a)(4) because Mr. Mora seeks damages under an Act of Congress, namely 42 U.S.C. § 1983, providing for the protection of his civil rights.

9. Venue in the United States District Court for the Eastern District of Wisconsin is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants resides in Eastern District of Wisconsin.

10. Venue in the United States District Court for the Eastern District of Wisconsin is also proper pursuant 28 U.S.C. § 1391(b)(2) because the events giving rise to Mr. Mora's claims occurred in the Eastern District of Wisconsin.

## IV. FACTS

11. On August 5, 2019, Mr. Mora drove to Moe Moe's Food Market in the City of Kenosha to pick up some groceries for his mother.

12. Ofc. Wicketts and Ofc. Hancock were driving an unmarked squad car. The squad car was not equipped with a dash camera. The officers were not wearing body worn cameras either.

13. The Food Market had surveillance cameras that captured the event.

14. The officers stopped behind Mr. Mora.

15. Ofc. Wicketts exited the squad car and started screaming at Mr. Mora.

16. Ofc. Wicketts falsely accused Mr. Mora of being a gang member and told him not to move.

17. Ofc. Wicketts then took out a taser and shot Mr. Mora, dragged Mr. Mora out of his car, and handcuffed Mr. Mora.

18. Ofc. Hancock did nothing to stop the assault.

19. Ofc. Wicketts then shoved Mr. Mora into the back of the squad car and drove him to the City of Kenosha Police Station.

20. On or about August 5, 2019, Ofc. Wicketts made a request for criminal charges to the Office of the District Attorney for Kenosha County.

21. Ofc. Wicketts made knowingly false statements in his request. Ofc. Wicketts, supported by Ofc. Hancock, fabricated evidence and trumped-up criminal charges against Mr. Mora to discredit Mr. Mora's account and to intimidate and dissuade Mr. Mora from complaining about Ofc. Wicketts and Ofc. Hancock's misconduct.

22. Mr. Mora was jailed until August 7, 2019.

23. When he was released from jail, Mr. Mora went to a hospital for treatment.

24. Mr. Mora was diagnosed with muscular skeletal pain, chest pain, back spasms, and lumbar radiculopathy.

25. Mr. Mora experienced extreme back pain and was bleeding from the wounds caused by the taser barbs.

26. Ofc. Wicketts' fabrications, supported by Ofc. Hancock, caused the Office of the District Attorney to issue charges for disorderly conduct, obstructing an officer, resisting an officer, and bail jumping.

27. On August 9, 2019, the Food Market's owner (Mustafa Mustafa) drove to the City of Kenosha Police Department and delivered video footage from the Food Market's surveillance cameras on a Zip storage drive.

28. City of Kenosha Police Officer Steven Winter collected the video footage and made two copies.

29. Ofc. Winter deleted the contents of the Food Market's Zip storage drive.

30. Ofc. Winter placed one copy of the video footage in an evidence locker and the other with the Detective's Bureau.

31. Despite multiple requests for the video and a motion to compel, the copy in the evidence locker was destroyed.

32. Mr. Mora's lawyer was provided with an incomplete copy of the video footage from the Detective's Bureau.

33. That copy omitted one minute and thirty-four seconds of video: i.e., the part of the video that shows Ofc. Wicketts and Ofc. Hancock's misconduct.

34. Mr. Mora's lawyer never received the missing part of the video footage.

35. Despite not having the video footage, the Circuit Court for Kenosha County held a trial on November 3, 2020.

36. Ofc. Wicketts and Ofc. Hancock lied during their testimony.

37. The jury was not fooled and returned verdicts of not guilty on all counts.

38. Mr. Mora is a hardworking single father.

39. Mr. Mora is not a gang member.

40. Due to being jailed and the injuries he sustained, Mr. Mora lost his job and was unemployed for a significant period.

## V. THE CLAIMS

### A. The Claims Against Officer Wicketts

41. Mr. Mora incorporates here all other paragraphs in this complaint.

42. Ofc. Wicketts acted contrary to the Fourth Amendment by stopping Mr. Mora without reasonable suspicion of criminal wrongdoing.

43. Ofc. Wicketts acted contrary to the Fourth Amendment by arresting Mr. Mora without probable cause of criminal wrongdoing.

44. Ofc. Wicketts acted contrary to the Fourth Amendment by using unreasonable force against Mr. Mora.

45. Ofc. Wicketts acted contrary to the Fourth and/or Fourteenth Amendment by fabricating evidence and trumping up criminal charges against Mr. Mora for which Ofc. Wicketts knew there was no probable cause.

46. Ofc. Wicketts maliciously prosecuted Mr. Mora and abused process.

47. As a result of Ofc. Wicketts' misconduct, Mr. Mora experienced physical pain and suffering.

48. As a result of Ofc. Wicketts' misconduct, Mr. Mora experienced emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

49. As a result of Ofc. Wicketts' misconduct, Mr. Mora suffered lost wages and benefits.

### B. The Claims Against Officer Hancock

50. Mr. Mora incorporates here all other paragraphs in this complaint.

51. Ofc. Hancock acted contrary to the Fourth Amendment by stopping Mr. Mora without reasonable suspicion of criminal wrongdoing.

52. Ofc. Hancock acted contrary to the Fourth Amendment by arresting Mr. Mora without probable cause of criminal wrongdoing.

53. Ofc. Hancock acted contrary to the Fourth Amendment by failing to intervene when he observed obvious unreasonable force visited upon Mr. Mora by Ofc. Wicketts.

54. Ofc. Hancock acted contrary to the Fourth and/or Fourteenth Amendments by fabricating evidence and trumping up criminal charges against Mr. Mora for which Ofc. Hancock knew there was no probable cause.

55. Ofc. Hancock maliciously prosecuted Mr. Mora and abused process.

56. As a result of Ofc. Hancock's misconduct, Mr. Mora experienced physical pain and suffering.

57. As a result of Ofc. Hancock's misconduct, Mr. Mora experienced emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

58. As a result of Ofc. Hancock's misconduct, Mr. Mora suffered lost wages and benefits.

## VI. RELIEF REQUESTED

59. Wherefore, Mr. Mora respectfully requests this Honorable Court enter judgment for him and against the Defendants, jointly and severally, and provide following relief:

> a. An order awarding damages for physical pain and suffering in an amount to be determined by a jury.

b. An order awarding damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life in an amount to be determined by a jury.

c. An order awarding damages for lost wages and benefits in an amount to be determined by a jury.

d. An order awarding past and future medical bills and expenses.

e. An order awarding punitive damages in an amount to be determined by a jury.

f. An order awarding attorney's fees, expert's fees, and other taxable costs and disbursements in an amount to be determined by the Court.

g. An order for such further necessary and proper relief as determined by the Court, without limitation to pre- and post-judgment interest.

## VII. Jury Demand

60. Mr. Mora hereby demands a trial by a jury on all issues of fact and damages stated herein.

Date: August 4, 2022.

Respectfully submitted,

*/s/ William F. Sulton*
WILLIAM F. SULTON

THE SULTON LAW FIRM
2745 N. Dr. M.L.K. Drive
Suite 202
Milwaukee, WI 53212
414-477-0088 (direct)
414-250-7676 (fax)
william@sultonlaw.com

*Attorneys for Plaintiff*