UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | November 24, 2025 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2022-cv-890 |
| CASE NAME: | Jose Mora v. Alex Wicketts, *et al.* |
| NATURE OF HEARING: | Final pretrial conference |
| APPEARANCES: | William Sulton – Attorney for the plaintiff |
| | Geno Alia – Attorney for the defendants |
| | Matthew Richer – Attorney for the defendants |
| COURTROOM DEPUTY: | Justin Dreikosen |
| TIME: | 10:00 a.m. – 10:57 a.m. |
| HEARING: | December 15, 2025, 8:30 a.m. (Jury Trial) |

## AUDIO OF THIS HEARING AT DKT. NO. 45

The court explained that it had scheduled this final pretrial conference ahead of the jury trial which will begin December 15, 2025. The court advised the parties that three trials were scheduled to begin December 15, 2025 but that only two (one criminal, one civil) would be selecting a jury that day. The court stated that, normally, the criminal trial would take precedence over the civil trial for jury selection, but that it would check whether jury selection could occur simultaneously.

The court addressed the defendants' motions *in limine* (Dkt. No. 32). The court granted subparts one, two, three and six; denied subpart four as premature; denied subpart five to the extent it sought to preclude the plaintiff from describing his injuries; and denied subpart seven.

As to subpart five of the defendants' motion, the court explained that it would allow the plaintiff to describe the physical symptoms he had experienced and continues to experience; it would not allow him to offer medical diagnoses or prognoses as to his condition. The court stated that it would give the plaintiff some leeway to the extent that he uses terms that describe both a feeling and a medical diagnosis (such as anxiety, depression).

As to subpart seven of the defendants' motion, the court observed that the plaintiff's acquittal on the underlying criminal charges was an element of his malicious prosecution claim. The court left open the opportunity for further discussion on a potential limiting instruction, if necessary.

Defense counsel advised the court that he understood that the plaintiff might be planning to call as a witness his criminal defense counsel from the state court prosecution. The plaintiff's counsel stated that the defense attorney would testify about the prosecution, in total, not just the trial. The court

1

remarked that although the fact the plaintiff was prosecuted was relevant to the malicious prosecution claim, the specific details of the prosecution did not appear to be relevant.

The plaintiff's counsel responded that the issuance of charges in a misdemeanor case could form the basis for an unreasonable seizure claim. The court requested support for that proposition.

The plaintiff's counsel advised that he would speak with defense counsel about a possible stipulation regarding the facts of the plaintiff's prosecution in criminal court before filing any further motions.

The court addressed the plaintiff's motion *in limine* (Dkt. No. 33). The court granted the motion and excluded evidence of the default judgments entered against the plaintiff on the traffic citations themselves, but clarified that it would not exclude the officer's observations as to the facts underlying the purported traffic violations.

The court discussed the parties' proposed *voir dire* questions and observed that the court already had iterations of some of the parties' questions in its standard questions. Neither party objected to the proposed questions of the other side. The court stated it was okay giving nearly all the proposed questions, but that it would likely re-word several of them in the interest of efficiency. The court also stated that it would follow its practice of asking any sensitive follow-up questions at side bar.

The court advised the parties that it would prepare a draft script of the opening proceedings—including *voir dire* and opening instructions—and would provide the draft to the parties for their review ahead of the trial.

The parties discussed the length of the trial and confirmed the parties' estimate that the case can be tried in three days.

The court ordered that witnesses be excluded from the courtroom during trial, with the exception of the plaintiff and defendants. The court advised the parties that it will provide a court reporter.

The court discussed logistics of the trial including the process of jury selection, jurors taking notes, side-bar conferences and exhibits.

The court observed that the parties had submitted several proposed stipulations and asked the parties to keep the court apprised of further stipulations.

The court advised the parties that it would begin each trial day between 8:30 and 9:00 a.m. and end between 5:00 and 5:30 p.m.

The plaintiff's counsel raised an issue with Defense Exhibit 108, a document which purportedly demonstrates that the plaintiff had an additional charge for bail jumping. The plaintiff's counsel requested that the exhibit be redacted. Defense counsel represented that it did not foresee plaintiff's counsel's concerns being an issue. The court advised counsel that it would address this issue when it arose, and suggested that before using the exhibit, defense counsel could request a sidebar and obtain a ruling.

The court informed the parties that they could present exhibits in either paper or electronic format. The plaintiff's counsel advised that he would object to sending full deposition transcripts and criminal trial transcripts back to the jury. Defense counsel responded that he did not wish to give the jury a reading assignment and that he anticipated asking to send back only those portions which were relevant to the case at bar. The court will address that issue at trial.

The court instructed the parties to contact chambers in advance of the first day of trial to make arrangements for a date and time to test any electronic equipment they plan to use at trial. Parties should bring with them all equipment they plan to use as well as any technical support staff.

If the parties wish to brief the issue of criminal defense counsel testifying on the details of the prosecution, the court **ORDERS** that the plaintiff must file his brief by no later than the end of the day on **Friday, November 28, 2025;** the defendants must file their response, if any, by the end of the day on **Friday, December 5, 2025.**

The court **GRANTS** the motion *in limine,* Dkt. No. 32, subpart one, barring arguments for jurors to place themselves in the plaintiff's position.

The court **GRANTS** the motion *in limine,* Dkt. No. 32, subpart two, barring evidence as to the defendants' insurance coverage.

The court **GRANTS** the motion *in limine,* Dkt. No. 32, subpart three, barring evidence relating to attorneys' fees.

The court **DENIES AS PREMATURE** the motion *in limine*, Dkt. No. 32, subpart four, precluding plaintiff from presenting witnesses or exhibits not disclosed in discovery.

The court **DENIES** the motion *in limine*, Dkt. No. 32, subpart five, to bar lay witness opinions on physical or mental health diagnoses.

The court **GRANTS** the motion *in limine*, Dkt. No. 32, subpart six, to bar evidence or argument that the defendants' conduct was racially motivated.

The court **DENIES** the motion *in limine*, Dkt. No. 32, subpart seven, to bar plaintiff from presenting evidence of the plaintiff's acquittal of his underlying criminal charges.

The court **GRANTS** the plaintiff's motion *in limine*, dkt. no. 33, to exclude evidence of the default judgments on traffic citations.

The court **ORDERS** all witnesses for both sides are **EXCLUDED** from the courtroom during testimony, with the exception of the plaintiff and the defendants.

Dated in Milwaukee, Wisconsin this 24th day of November, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**