UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSE MORA,

       Plaintiff,

                                           Case No. 22-cv-890-pp

   v.

ALEX L. WICKETTS
and AUSTIN HANCOCK,

       Defendants.

---

**ORDER REQUIRING PLAINTIFF JOSE MORA TO APPEAR AND SHOW
CAUSE FOR HIS FAILURE TO PROSECUTE CASE**

---

When the plaintiff filed this civil rights lawsuit in August 2022, he was represented by an attorney. That attorney represented the plaintiff for years—conducted discovery, defended against a summary judgment motion, filed motions on the plaintiff's behalf, prepared for trial and, on December 16, 2025, began that trial. The litigation ended in a mistrial after the plaintiff took the stand and testified contrary to facts to which he had stipulated. The defendants subsequently filed a motion for sanctions. Dkt. No. 54.

On April 14, 2026, the attorney who'd been representing the plaintiff for almost four years filed a motion to withdraw from representing him. Dkt. No. 58. The motion advised the court that counsel had spoken with other lawyers about succeeding him in representing the plaintiff, and said that he believed that someone interested in representing the plaintiff would appear at the status conference scheduled for later that day. Id. at 1. On the afternoon of April 14,

1

2026, the court conducted a telephonic status conference. Dkt. No. 60. Defense counsel and the plaintiff's original counsel attended that hearing; the plaintiff also was on the call. And Attorney Lane Fitzgerald participated in the call. Attorney Fitzgerald advised the court that once the paperwork was complete, he or someone from his firm "presumptively" would be representing the plaintiff. Id. at 1. (The court assumed that by "paperwork," Attorney Fitzgerald meant a retainer agreement.) Attorney Fitzgerald asked for fourteen days to finalize the paperwork. Id.

The court allowed predecessor counsel to withdraw and scheduled another telephonic hearing for May 12, 2026 at 3:30 p.m., in the hope that by that time the paperwork retaining the Fitzgerald firm would have been finalized and signed and the parties could use the hearing to discuss next steps in the case. Id. at 1-2.

But although almost a month passed between the April 14 and May 12, 2026 hearings, the Fitzgerald firm did not file a notice of appearance. The reason became clear during the May 12 telephone hearing. Defense counsel again appeared for the May 12 hearing. Attorney Pete Anderson from the Fitzgerald firm also appeared, although he advised the court that he could not make an appearance on behalf of the plaintiff because he had not yet been retained. Attorney Anderson explained that after the April 14, 2026 hearing, his firm had finished drafting the retainer agreement. But he reported that the plaintiff never had signed the agreement. Attorney Anderson said that on multiple occasions, his firm had tried to contact the plaintiff, both by telephone

2

and through the firm's email portal (which sends emails from the firm to clients' email addresses). Attorney Anderson told the court that the plaintiff had not responded, and that the firm had not heard from the plaintiff since sometime around April 24—some three weeks prior to the May 12 hearing.

Even though the plaintiff was not represented by a lawyer at the May 12, 2026 telephone hearing, he did not appear for the call. He knew about it, because he was present by telephone at the April 14, 2026 hearing when the court scheduled the May hearing date. The court has not heard from the plaintiff since he attended the April 14, 2026 telephone hearing a month ago.

The plaintiff filed this lawsuit. If he wants to continue with it, he must either retain a lawyer to represent him or represent himself. There is a pending motion for sanctions; until it learns which of these things the plaintiff chooses to do, the court has held off setting a briefing schedule or ruling on the motion. The case itself must be resolved—either by a jury trial or bench trial, a settlement (an agreement between the plaintiff and the defendants) or dismissal. But even though there still is work to be done, it appears that the plaintiff no longer is interested in prosecuting the case.

The court will give the plaintiff an opportunity to appear at a telephone hearing and explain why he has not yet retained a lawyer, why he did not appear at the May 12, 2026 hearing, whether he wishes to continue with this case and, if so, how he plans to do so. The court warns the plaintiff that if he does not appear at the hearing (which the court has scheduled for June 16, 2026 at 11:00 a.m. by telephone), the court may (a) consider the defendants'

3

motion for sanctions without any input from the plaintiff, (b) grant the defendants' motion for sanctions (which include ordering the plaintiff to pay the defendants' costs and fees and/or dismissing the case) or (c) impose its own sanctions under Federal Rule of Civil Procedure 41(b) for the plaintiff's failure to comply with this order and his failure to prosecute the case.

The court **ORDERS** that on June 16, 2026 at 11:00 a.m., plaintiff Jose Mora **must** appear by telephone and show cause why the court should not impose sanctions against him for failure to prosecute his case, or for the reasons stated by the defendants in their February 10, 2026 motion for sanctions and accompanying brief.

The parties—including plaintiff Jose Mora—**must** appear by calling the court's conference line at 551-285-1373 and entering Meeting ID 161 4901 8989 and Passcode 190021 when prompted.

The court **ORDERS** that if plaintiff Jose Mora does not appear at the June 16, 2026 telephonic hearing, the court may impose sanctions, including financial penalties and dismissal of the case.

Dated in Milwaukee, Wisconsin this 13th day of May, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

4