JOSE MORA,

        Plaintiff,

                                        Case No. 22-cv-890-pp

    v.

ALEX L. WICKETTS and AUSTIN HANCOCK,

        Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS (DKT. NO. 54) AND DISMISSING CASE WITH PREJUDICE

---

On August 4, 2022, the plaintiff filed a complaint alleging that the defendants had violated his constitutional rights during and after a 2019 traffic stop. Dkt. No. 1. The case proceeded to a jury trial on December 16, 2025; the trial ended in a mistrial after the plaintiff took the stand and testified contrary to facts to which he had stipulated. The defendants then filed a motion for sanctions, seeking dismissal, fees and costs. Dkt. No. 54.

On April 14, 2026, the attorney who'd been representing the plaintiff filed a motion to withdraw and advised the court that he believed the plaintiff's potential successor counsel would appear at the status conference scheduled for later that day. Dkt. No. 58 at 1. Defense counsel, the plaintiff's original counsel and the plaintiff himself appeared at the telephonic status conference, as did the plaintiff's prospective successor counsel, Attorney Lane Fitzgerald. Dkt. No. 60. Attorney Fitzgerald advised the court that once the "paperwork" was complete, he or someone from his firm would be representing the plaintiff.

1

Id. at 1. The court allowed the plaintiff's counsel to withdraw and calendared a follow-up status conference for May 12, 2026, with the expectation that the retainer agreement would be completed by then. Id. at 1–2.

But at the May 12, 2026 status conference, Attorney Pete Anderson from the Fitzgerald firm appeared and stated that the plaintiff had not completed the retainer agreement and had not responded to the firm's calls or emails since April 24, 2026. Dkt. No. 63 at 1. The plaintiff did not appear at this status conference, even though he knew it had been scheduled based on his attendance at the prior status conference.

Because of the plaintiff's failure to appear or retain counsel, the court issued an order requiring the plaintiff to show cause for his failure to prosecute his case. Dkt. No. 64. In that May 13, 2026 order, the court recounted that it had not heard from the plaintiff since he attended the April 14, 2026 telephone hearing a month earlier. Id. at 3. The court advised the plaintiff that if he wanted to continue with his case, he must either retain a lawyer or tell the court that he planned to represent himself, so that the case could move forward. Id. The court stated that it would "give the plaintiff an opportunity to appear at a telephone hearing and explain why he has not yet retained a lawyer, why he did not appear at the May 12, 2026 hearing, whether he wishes to continue with this case and, if so, how he plans to do so." Id. The court warned the plaintiff that if he failed to appear, the court might dismiss this case, either by granting the defendants' motion for sanctions without the plaintiff's input or by imposing the court's own sanctions under Federal Rule of

2

Civil Procedure 41(b) for failure to prosecute, and impose monetary sanctions. Id. at 3–4. The court scheduled the show case hearing for June 16, 2026. Id. at 4.

The court mailed the order to show cause to two addresses defense counsel had for the plaintiff (obtained through discovery) as well as to the plaintiff's email address provided by his prior counsel. The orders have not been returned as undeliverable, so the court has no reason to think the plaintiff did not receive them.

But the plaintiff did not appear at the June 16, 2026 hearing. See Dkt. Nos. 65 (audio recording), 66 (court minutes). He did not contact the court or file anything explaining why he could not appear. Id. Nor did the Fitzgerald firm (or any other firm purporting to represent the plaintiff) appear at this hearing. Id. The court determined that because the plaintiff had failed to appear at two hearings, had failed to retain successor counsel and had failed to inform the court of his plans for continuing the litigation, the plaintiff must no longer wish to pursue the case. Id. The court stated that it would issue a separate order granting the defendant's motion for sanctions and dismissing this case as a sanction and for failure to prosecute. Id.

A district court has the inherent power to dismiss a case as a sanction for a plaintiff's behavior during litigation, Secrease v. W. & S. Life Ins. Co., 800 F.3d 397, 401 (7th Cir. 2015), or for a plaintiff's failure to prosecute, Ball v. City of Chicago, 2 F.3d 752, 759–60 (7th Cir. 1993). Further, both the Federal Rules of Civil Procedure and this court's Local Rules permit dismissal if the

plaintiff is not diligently prosecuting his case. Fed. R. Civ. P. 41(b) (the defendant may move to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with . . . a court order"); Civil L.R. 41(c) (E.D. Wis.) (court may dismiss a case with or without prejudice "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action"). "There is no 'grace period' before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed." Ball, 2 F.3d at 760.

Here, the plaintiff twice has failed to appear and has not responded to court orders, even when explicitly warned that his case could be dismissed if he failed to respond. Dismissal under these circumstances is appropriate. See Aura Lamp & Lighting Inc. v. Int'l Trading Corp., 325 F.3d 903, 908–09 (7th Cir. 2003) (affirming dismissal as a sanction where the plaintiff was repeatedly warned of the risk of dismissal and yet continued to ignore court orders). The court will grant the defendant's motion for sanctions and dismiss the case as a sanction and for failure to prosecute.

Should the defendants wish to seek reimbursement of their fees and costs, they must file a bill of costs on the docket no later than fourteen days after the entry of judgment. See Civil L.R. 54(a)(1). The defendants must serve the bill of costs on the plaintiff at the addresses they have for the plaintiff. Under Civil Local Rule 54(a), the plaintiff may file an objection within fourteen days of service of the bill of costs, and the defendants may file a response to

any objections within seven days of service of the objections. The plaintiff may file a reply within seven days of service of the response.

The court **GRANTS** the defendants' motion for sanctions. Dkt. No. 54.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 17th day of June, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

Case 2:22-cv-00890-PP    Filed 06/17/26    Page 5 of 5    Document 67